Brian Gaffney (California Bar No. 168778)
LAW OFFICES OF BRIAN GAFFNEY APC
446 Old County Road, Suite 100-310
Pacifica, CA 94044
Telephone: (650) 219 3187
Email: brian@gaffneylegal.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Sierra Club**

     Plaintiff,

*vs*.

**U.S. Fish & Wildlife Service**

     Defendant.

Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.     Plaintiff Sierra Club (hereinafter "Plaintiff" or "Sierra Club") brings this action to redress violations of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(c)(2), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*. Plaintiff challenges the failure of the U.S. Fish & Wildlife Service (hereinafter "Defendant" or "USFWS") to timely conduct a 5-year status review of the endangered status of the San Francisco garter snake, *Thamnophis sirtalis tetrataenia* ("the Snake" ) as mandated by the ESA, and the failure of USFWS to respond lawfully to Plaintiff's FOIA request related thereto.

2.     The Endangered Species Act requires that, at least once every five years, USFWS conduct a review of all species included on its list of threatened and endangered species. 16 U.S.C. § 1533(c)(2); 50 CFR § 424.21. A timely status review is mandatory and its purpose is to ensure that listed species have the appropriate level of protection.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

3.      The last 5-year status review for the Snake was completed by the USFWS over twelve years ago in September, 2006.

4.      The Snake has been called the most beautiful snake in the United States. Historically, Snakes occurred in scattered wetland areas on the San Francisco Peninsula from approximately the San Francisco County line south along the eastern and western bases of the Santa Cruz Mountains, at least to the Upper Crystal Springs Reservoir, and along the coast south to Año Nuevo Point, San Mateo County, and Waddell Creek, Santa Cruz County. Loss of habitat from agricultural, commercial and urban development, and illegal collection, led to the listing of the Snake under the ESA. Snakes were reportedly abundant in the sag ponds eliminated by the construction of Skyline Boulevard.

5.      These threats remain, but there are additional threats, such as the documented decline of prey California red-legged frog and the introduction of predatory bullfrogs into Snake habitat. Currently, the species has been reduced to only six significant populations in San Mateo County and northern Santa Cruz County.

6.      After Plaintiff provided notice of intent to file suit for USFWS' failure to timely conduct a status review for the Snake, the USFWS claimed that it planned to initiate review for the Snake in 2019 and complete its status review by an undefined date in 2020.

7.      However, when the Sierra Club under FOIA requested all records concerning this purported USFWS schedule for 5-year review of the status of the Snake, USFWS provided no records nor an estimated completion date on which Defendant would respond to the FOIA request.

8.      Based on these facts, Plaintiff has no other recourse but to seek declaratory relief establishing that Defendant has violated the ESA and FOIA, and seek injunctive relief directing

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Defendant to comply with the ESA and with FOIA by a date certain.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

9.      This Court has jurisdiction over the claims in this Complaint pursuant to 16 U.S.C. §§ 1540(c), (g)(1)(C) (action arising under ESA citizen suit provision), 5 U.S.C. §552(a)(4)(B) (FOIA), 5 U.S.C. § 702 (review of agency action under the APA), 28 U.S.C. § 1331 (civil action arising under the laws of the United States), 28 U.S.C § 1361 (action to compel mandatory duty), 28 U.S.C § 2201 (declaratory relief), 28 U.S.C § 2202 (injunctive relief), and the Court's equitable powers.

10.     This Complaint is timely filed within all applicable statutes of limitations.

11.     Plaintiff has exhausted all administrative remedies prior to filing this litigation. Plaintiff provided notice of intent to file suit under the ESA on June 18, 2018, more than 60 days prior to filing this litigation.  Sierra Club exhausted its administrative remedies where it filed a FOIA request and USFWS failed to comply with the applicable time limitations provided by 5 U.S.C. section 552(a)(6)(A)(i)–(ii). 5 U.S.C. § 552(a)(6)(C).

12.     Defendant has not remedied its ESA and FOIA violations. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

13.     Venue is properly vested in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B), 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, because members of Sierra Club injured by Defendant's actions reside in this judicial district, and because Sierra Club has its national offices in this district.

14.     A substantial part of the events and omissions giving rise to the claims in this case occurred in San Francisco and San Mateo County.  Habitat upon which the Snake relies occurs

primarily in San Mateo County. Planitiff's members include residents of San Mateo County and San Francisco County. Accordingly, assignment to the San Francisco Division of the Court is appropriate pursuant to Civil L.R. 3-2(c) and (d).

## PARTIES

15.     Plaintiff SIERRA CLUB is a national nonprofit organization with 67 chapters and approximately 790,000 members dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. The Sierra Club and its members are greatly concerned about the plight of endangered species and their habitat, and ensuring that federal agencies fulfill their statutory mandates. Sierra Club members have a long history of involvement in activities related to the protection of the environment and human health, including protection of species.

16.     The Loma Prieta and San Francisco Bay Chapters of the Sierra Club have approximately 53,390 members in the state of California.  Both the Loma Prieta and San Francisco Bay Chapters of the Sierra Club have been involved in efforts to protect the Snake and its habitat. Sierra Club members live, work, travel, and recreate in areas considered Snake habitat. Sierra Club members walk and hike in areas considered Snake habitat.

17.     Plaintiff's members include individuals who enjoy observing, photographing, filming, and otherwise appreciating Snakes and their habitat. These interests range from educational, recreational, aesthetic, moral, and spiritual. Plaintiff's members enjoy, on an ongoing basis, the biological, scientific, research, education, conservation, recreational, and aesthetic values of the remaining habitat where Snakes can be found. For example, Sierra Club members Mike Ferreira

and Ken King currently gain aesthetic enjoyment from viewing and attempting to view Snakes and their habitat. These Sierra Club members have previously viewed Snake habitat and attempted to view Snakes, and have concrete plans to do so again. An integral aspect of Plaintiff's members' use and enjoyment of Snakes is the expectation and knowledge that this species persists in its native habitat. For this reason, Sierra Club members derive scientific, aesthetic, spiritual, recreational, and educational benefits from the continued protection of this species in the wild.

18.     Sierra Club and its members are concerned about the potentially significant adverse effects arising from the USFWS' failure to complete 5-year status reviews of the Snake. Until the USFWS complies with its mandatory ESA duty to conduct a status review of the Snake, Plaintiff's and their members' interests in Snake conservation and recovery are impaired. The injuries described are actual, concrete injuries presently suffered by Sierra Club and their members, and they will continue to occur unless this Court grants relief. These injuries are directly caused by Defendant's inaction. The relief sought herein would redress these injuries.

19.     The Sierra Club sent a FOIA request seeking information about the USFWS schedule for conducting ESA status reviews for the Snake. The Sierra Club intends to use the requested information to inform the public so that the public can meaningfully participate in protecting this species.. Defendant's failure and refusal to: (1) issue a timely final determination of Plaintiff's FOIA request, (2) provide Plaintiff with the estimated completion dates for its request, and (3) grant Plaintiff a FOIA fee waiver, has injured Plaintiff's interests in public oversight of governmental operations.

20.     Sierra Club brings this action both on behalf of itself and its adversely affected members. Sierra Club and its members will continue to maintain an interest in the Snake and the USFWS'

compliance with the ESA and the FOIA in the future. Unless the Court grants the requested relief, Plaintiff will continue to be adversely affected by Defendant's failure to comply with the ESA and FOIA.

21.     The above-described interests of the Sierra Club and its members will suffer concrete, actual and imminent harm as a result of Defendant's actions and failure to act as required by law. Plaintiff's harm is caused and directly traceable to Defendant's violations of the ESA and FOIA. If ordered by the Court, Defendant has the authority and ability to remedy the harm inflicted by Defendant's violations of law. Thus, Plaintiff's harm is redressable through the declaratory and injunctive relief requested herein.

22.     Defendant U.S. Fish & Wildlife Service ("USFWS") is a federal agency within the U.S. Department of the Interior. FWS is responsible for timely administering and implementing the ESA with respect to wildlife including the San Francisco garter snake. USFWS is in possession, custody or control of the records sought by Plaintiff under FOIA. USFWS is sued herein for violations of the ESA and FOIA.

## STATUTORY BACKGROUND

### The Endangered Species Act

23.     In passing the Endangered Species Act, Congress found that different species "have been rendered extinct as a consequence of economic growth and development untempered by adequate concern and conservation" and that "other species of fish, wildlife, and plants have been so depleted in numbers that they are in danger of or threatened with extinction." 16 U.S.C. § 1531(a)(1)-(2). The ESA was enacted to provide a program for the conservation of such threatened and endangered species, and to conserve the ecosystems upon which those species depend. 16 U.S.C. § 1531(b).

24.     The USFWS listed the San Francisco garter snake (*Thamnophis sirtalis tetrataenia*) as an endangered species.

25.     The ESA requires that USFWS conduct, at least once every five years, a review of all species included on its list of endangered species. 16 U.S.C. § 1533(c)(2); 50 CFR § 424.21. A status review of listed species every five years is "mandatory." *Wyoming v. U.S. Dep't of Interior*, 360 F. Supp. 2d 1214, 1229, fn. 17 (D. Wyo. 2005), aff'd sub nom. *State of Wyoming v. U.S. Dep't of Interior*, 442 F.3d 1262 (10th Cir. 2006). The purpose of a 5-year review is to ensure that listed species have the appropriate level of protection under the ESA. A notice announcing those species under active review must be published by USFWS in the Federal Register. 50 CFR § 424.21.

**The Freedom of Information Act**

26.     FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552.

27.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested agency records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

28.     An "agency record" subject to a FOIA request is any record that is (1) created or obtained by an agency, and (2) under agency control at the time of a FOIA request. *See, e.g., United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

29.    Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the 20-business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a 10-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the 20-business-day deadline for making that determination for an additional 10 business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). When the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). An agency asserting that unusual circumstances prevents its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id.*  "Exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA request, unless the agency demonstrates reasonable progress in reducing its backlog of pending request. 5 U.S.C. § 552(a)(6)(C)(ii).

30.    Unless an agency subject to FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to

provide responsive records to a requester within or shortly after the 20-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**31.**     FOIA provides for fee waivers for requests that are in the public interest and not in the primary commercial interest of the requestor.  5 U.S.C. § 552 (a)(4)(A)(iii).

**32.**     Under FOIA, the federal agency has the burden to sustain its action. 5 U.S.C. § 552(a)(4)(B).

**Administrative Procedure Act**

**33.**     The Administrative Procedure Act ("APA"), 5 U.S.C. § 706, authorizes a reviewing court to decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of a federal agency action. The court must compel agency unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## STATEMENT OF FACTS

**34.**     The Snake was listed as endangered under the ESA on March 11, 1967.

**35.**     There are two significant components to garter snake habitat: ponds that support the red-legged frog and Pacific tree frog, and the surrounding upland that support burrowing mammals such as Botta's pocket gopher and California vole. The preferred habitat of the Snake is ponds near open hillsides. However, less ideal habitats can be successfully occupied by Snakes, including ditches and waterways in the City of Half Moon Bay. In recent years, Snakes have been observed, *inter alia*, within the Denniston Creek system, in the Pescadero/Butano marshland, in lower Sanchez Creek near Mori Point and the Sharp Park Golf Course in Pacifica, and in the Ano Nuevo State Park area.

**36.**     The last 5-year status review for the Snake was completed by USFWS in September, 2006. The 5-year status review conducted in September 2006 determined that the Snake should

continue to be classified as Endangered, disclosed updated information and current species status, analyzed primary threats to the Snake and potential responses to such threats, and made recommendations for future actions.

**37.**     On May 25, 2011, the USFWS provided notice in the Federal Register that it was initiating a 5-year review for the Snake under the ESA (76 Fed. Reg. 30377), but no status review was ever completed. There is no recent notice in the Federal Register announcing that the Snake is under active status review by USFWS.

**38.**     On June 18, 2018, the Sierra Club provided the U.S. Fish and Wildlife Service with notice of its intent to sue for violations of the Endangered Species Act for the USFWS' failure to timely conduct the 5-year status review required for the Snake. The Sierra Club notified the USFWS that if it did not publish a notice in the Federal Register within 60 days announcing commencement of a status review for the Snake, the Sierra Club intended to file suit in federal court.

**39.**     On August 3, 2018, the USFWS responded to Sierra Club's June 18, 2018 Notice of Intent to File Suit.  USFWS claimed it received the Notice Letter on July 5, 2018.  USFWS claimed it had developed a schedule for the initiation of 5-year reviews for species in Region 8, and that USFWS planned to initiate review for the Snake in 2019 and complete its status review within one year following initiation.

**40.**     On September 10, 2018, Plaintiff sent a FOIA request to USFWS requesting release of all records concerning the USFWS schedule for 5-year review of the status of the San Francisco garter snake, pursuant to the federal Endangered Species Act ("the FOIA Request"). Plaintiff also requested a public interest waiver of fees.

**41.**   FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). At the very latest, based on the September 10, 2018 date that Plaintiff sent the FOIA Request, the deadline for issuing a final determination elapsed on October 9, 2018.

**42.**   On October 8, 2018, Plaintiff wrote to USFWS that the Sierra Club had provided no substantive response and requested that USFWS provide an estimated completion date for this FOIA Request.

**43.**   On October 9, 2018, Plaintiff wrote to USFWS that 20 working days had elapsed since USFWS received this FOIA Request and asked for a response.

**44.**   On October 15, 2018, Plaintiff wrote to USFWS to inquire if there were any responsive documents as of the date of the USFWS search.

**45.**   On October 18, 2018, Plaintiff wrote to Defendant that USFWS had provided no substantive response, and requested that USFWS provide an estimated completion date for the FOIA Request .

**46.**   On October 30, 2018, Plaintiff wrote to Defendant that USFWS had provided no substantive response, and requested that USFWS provide an estimated completion date for the FOIA Request and the request for a FOIA fee waiver.

**47.**   To date, Defendant has not provided Sierra Club with a determination of its FOIA Request or FOIA fee waiver.

**48.**   To date, Defendant has not provided an estimated completion date for the FOIA Request .

**49.**   USFWS did not communicate to Sierra Club that the requested records were exempt from disclosure, that the deadline to respond was tolled, or that unusual circumstances applied.

**50.**   .

51.     Plaintiff 's claims presented herein are not insubstantial within the meaning of 5 U.S.C. §
552(a)(4)(E)(ii)(II).

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE ENDANGERED SPECIES ACT:
### FAILURE TO CONDUCT 5-YEAR STATUS REVIEW

52.     The allegations made in all preceding paragraphs are re-alleged and incorporated by
reference herein.

53.     The USFWS has failed to timely conduct the 5-year status review required for the San
Francisco garter snake as mandated by 16 U.S.C. § 1533(c)(2) and 50 CFR § 424.21.

54.     The last status review for the Snake was in September, 2006. Thus, a 5-year status review
was required in 2011 and another 5-year status review was required in 2016.

55.     The APA provides that a reviewing court "shall" "compel agency action unlawfully
withheld or unreasonably delayed." 5 U.S.C. § 706(1).

56.     The USFWS has been in violation of 16 U.S.C. §1533(c)(2) for at least the last six years.
The USFWS will continue to be in violation of the ESA until it completes a status review for the
Snake. Alternatively, Defendant's failure to timely complete a status review for the Snake
constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of
the APA. 5 U.S.C. § 706(1).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING**

57.     The allegations made in all preceding paragraphs are re-alleged and incorporated by

reference herein.

58.     Plaintiff has a statutory right to the records they seek, which are "agency records" within

the meaning of FOIA, and there is no legal basis for Defendant to assert that any of FOIA's nine

disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

59.     Defendant violated Plaintiff's rights under FOIA by failing to comply with FOIA's

decision deadlines and thus constructively withholding information responsive to Plaintiff's

FOIA Request .

60.     Based on the nature of Plaintiff's activities, they will undoubtedly continue to employ

FOIA's provisions in information requests to Defendant in the foreseeable future.

61.     Plaintiff's activities will be adversely affected if Defendant is allowed to continue

violating FOIA's disclosure provisions as it has in this case.

62.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court,

Defendant will continue to violate the rights of Plaintiff to receive public records under FOIA.

**COUNT III**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATION**

63.     The allegations made in all preceding paragraphs are re-alleged and incorporated by

reference herein.

64.     Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA Request in a

manner which complies with FOIA. Plaintiff's rights in this regard were violated when the

Defendant unlawfully delayed its response to Plaintiff's information request and fee waive

request beyond the determination deadlines imposed by FOIA.

**65.**     Defendant is unlawfully withholding public disclosure of records sought by Plaintiff, to which Plaintiff is entitled, and for which no valid disclosure exemption applies.

**66.**     Based on the nature of Plaintiff's activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**67.**     Plaintiff's activities will be adversely affected if Defendant is allowed to continue violating FOIA's decision deadlines as it has in this case.

**68.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to have Sierra Club's information requests and fee waive requests processed as required by FOIA.

### COUNT IV
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B)(ii)

**69.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**70.**     FOIA requires that each agency must provide information about the status of a request to the person making an information request - including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**71.**     Plaintiff asked Defendant numerous times for an estimated date of completion for its pending FOIA Request .

**72.**     Defendant has repeatedly failed to provide an estimated date of completion for Plaintiff's FOIA Request at issue in this case.

**73.**     Upon information and belief, Defendant's failure to provide a specific estimated date of completion for Plaintiff's FOIA Request represents an ongoing policy, practice, and standard operating procedure.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**74.**     A policy, practice, or "standard operating procedure" of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice and policy is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

**75.**     Based on the nature of Plaintiff's activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**76.**     Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's requirement to provide an estimated completion date as it has in this case.

**77.**     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to have its information requests processed as required by FOIA.

**COUNT V**
**VIOLATIONS OF FOIA:**
**ENGAGING IN A PATTERN OR PRACTICE OF UNLAWFUL CONDUCT**

**78.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**79.**     Defendant has engaged in a pattern or practice of violating FOIA in responding to Plaintiff's FOIA Request. Defendant's policies, practices, and standard operating procedures for responding to FOIA requests have resulted in violations of Plaintiff's rights as alleged above. Additionally, Defendant's policies, practices, and standard operating procedures for responding to FOIA requests are likely to result in future violations of FOIA that will harm Plaintiff because they are likely to continue seeking public documents from Defendant.

80.     Even if Defendant fully discloses all documents responsive to Plaintiff's FOIA Request, Plaintiff is entitled to a declaration that Defendant's actions violated FOIA, and to an injunction barring Defendant from violating FOIA in the future when responding to its FOIA requests.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Order Defendant, by a date certain, to conduct and complete a status review of the status of the San Francisco garter snake as mandated by the ESA;

2.     Declare Defendant's failure to conduct a status review of the status of the San Francisco garter snake since 2006 to be unlawful under the ESA, 16 U.S.C. § 1533(c)(2);

3.     Order Defendant in the form of injunctive relief to promptly provide Plaintiff all of the records sought in this action pursuant to FOIA;

4.     Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under FOIA, 5 U.S.C. § 552(a)(3);

5.     Declare Defendant's failure to make a timely determination on Plaintiff's FOIA Request and fee waive request to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

6.     Declare Defendant's failure to provide Plaintiff with an estimated completion date of its FOIA Request to be unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(ii);

7.     Award Plaintiff its costs and reasonable attorney fees pursuant to 16 U.S.C. § 1540(g)(4) and 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412 or any other applicable law;

8.     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

9.     Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 28th day of January, 2019.

Brian Gaffney (California Bar No. 168778)
Law Offices of Brian Gaffney APC
446 Old County Road, Suite 100-310
Pacifica, CA 94044
brian@gaffneylegal.com